# IN THE UNITED STATES DISTRICT COURT FOR THE
## SOUTHERN DISTRICT OF GEORGIA
### AUGUSTA DIVISION

UNITED STATES OF AMERICA     *

                            *             1:10-CR-107

       v.                      *             1:10-CR-324

                            *             1:11-CR-042

KEITH R. CUMMINGS           *

                            *

## O R D E R

On May 11, 2011, Keith R. Cummings pleaded guilty to multiple offenses charged in one Indictment and two Informations.[1] (Doc. 10 at 2.)[2] On November 17, 2011, this Court sentenced Mr. Cummings to eighty-two (82) months imprisonment and ordered him to pay $178,327.93 in restitution. (Doc. 12 at 3, 6-7.) Now before the Court is Mr. Cummings' Motion for Downward Departure. (Doc. 32 (1:11-CR-042); see also Doc. 132 (1:10-CR-324); Doc. 48 (1:10-CR-107).) In this motion, Mr. Cummings expressly invokes Rule 35 of the Federal Rules of Criminal Procedure and seeks a reduction in sentence because he "saved an officer and his family['s] life" in March 2015 when he reported another inmate's intent "to put a hit out." He informed the relevant officer, e-mailed the warden, and cooperated with Special Investigative Services' inquiry into the

---

[1] Mr. Cummings pleaded guilty to one count of Aggravated Identity Theft, 18 U.S.C. § 1028(a)(1); one count of Fraudulent Use of Unauthorized Access Device, 18 U.S.C. § 1029 (a)(2); three counts of Possession of Counterfeit and Forged Securities, 18 U.S.C. § 513(a); and one count of Driving while License Suspended or Revoked, 18 U.S.C. §§ 71 & 13, O.C.G.A. § 40-5-121(a).

[2] For the purpose of recounting the facts of Mr. Cummings' case, the Court cites to the plea agreement and judgment docketed in his most recent case, 1:11-CR-042.

matter.  For the reasons set forth below, the Court must **DENY** the motion.

Before reaching the merits of his motion, this Court must first determine whether it has the power to reconsider Mr. Cummings' sentence.  The general rule is that "[a] district court may not modify a term of imprisonment once it has been imposed, except where expressly permitted by Federal Rule of Criminal Procedure 35 . . . , and a district court lacks 'inherent power' to resentence a defendant."  United States v. Barsena-Brito, 374 F. App'x 951, 951 (11th Cir. 2010) (citing United States v. Diaz-Clark, 292 F.3d 1310, 1315 (11th Cir. 2002)).  Therefore, this Court must analyze whether either subsection of Rule 35 is applicable to the facts of this case.

Under Rule 35(a), a district court may "correct a sentence that resulted from arithmetical, technical, or other clear error" within fourteen days after sentencing.  FED. R. CRIM. P. 35(a).  The Court sentenced Mr. Cummings on November 17, 2011, and he filed the present motion on June 19, 2015.  This time frame clearly falls outside the fourteen-day window, and therefore this Court does not have the power to review the sentence under Rule 35(a).

Rule 35(b) motions, which facilitate post-sentencing reductions for defendants who substantially assist in the investigation or prosecution of another person, are properly before the Court *only upon motion by the government*.  FED. R. CRIM. P. 35(b)("Upon the *government's* motion made *within one year of*

*sentencing*, the court may reduce a sentence if the defendant, after sentencing, provided substantial assistance in investigating or prosecuting another person.")(emphasis added); see also U.S. v. Solis-Caceres, 440 F. App'x 892, 893 (11th Cir. 2011); U.S. v. Orozco, 160 F.3d 1309, 1315-16 (11th Cir. 1998); U.S. v. Crecelius, 751 F. Supp. 1035, 1036 (D.R.I. 1990), aff'd, 946 F.2d 880 (1st Cir. 1991) ("[D]efendant has no standing to move for a reduction of sentence pursuant to Rule 35(b) because . . . only the government may move to reduce a sentence.")  However, no such motion has been filed by the government in this case.

As neither section of Rule 35 applies here, Mr. Cummings' Motion for Downward Departure is **DENIED**.[3]  (Doc. 32 (1:11-CR-042); see also Doc. 132 (1:10-CR-324); Doc. 48 (1:10-CR-107).)

**ORDER ENTERED** at Augusta, Georgia this 23rd day of June, 2015.

HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[3]   Mr. Cummings expressly seeks relief under Rule 35.  The only additional authorization for a district court to modify a sentence is upon: (1) a motion *by the Bureau of Prisons* based on "extraordinary and compelling reasons" or in cases involving an elderly prisoner; or (2) a retroactive amendment to the guidelines that lowers the sentencing range of the defendant.  18 U.S.C. § 3582(c)(emphasis added).  Presently, neither requirement of 18 U.S.C. § 3582(c) is satisfied.  The Bureau of Prisons has not moved to reduce Mr. Cummings' imprisonment based on extraordinary circumstances or age. Moreover, there is no applicable change in the sentencing guidelines that has reduced Mr. Cummings' guideline range.